IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Coupled Products, LLC,                          Case No. 3:09 CV 382

                Plaintiff,               MEMORANDUM OPINION
                                          AND ORDER
    -vs-
                                          JUDGE JACK ZOUHARY

Component Bar Products, Inc.,

                Defendant.

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative to Transfer Venue (Doc. No. 12). Plaintiff filed an Opposition (Doc. No. 15), to which Defendant replied (Doc No. 17). The Court heard oral arguments on the Motion and granted Defendant's Motion to Dismiss the case for lack of personal jurisdiction (Doc. No. 18). This Order supplements the oral ruling at the hearing.

Plaintiff filed a Complaint (Doc. No. 1) bringing claims of breach of contract, anticipatory breach, unjust enrichment, conversion, and replevin. Defendant argues this Court lacks personal jurisdiction over it, as neither party is an Ohio citizen or has a principal place of business in Ohio, and the events giving rise to the contract's formation and the alleged breach occurred outside Ohio. Plaintiff acknowledges the parties and the dispute have no connection to Ohio, but argues Defendant waived its right to contest personal jurisdiction in this Court, pointing to a forum selection clause contained in an eight-page, single-spaced document entitled "Terms and Conditions of Purchase," a

document which Plaintiff sent to Defendant with its Purchase Orders. Therefore, the Motion hinges on whether the Terms and Conditions were part of the contract between the parties.

Paragraph 34(a) contains the relevant forum selection clause, and reads:

> The parties irrevocably agree that any action to interpret or enforce any such Order will be brought exclusively in a state or federal court with jurisdiction located in Toledo, Ohio, USA.

(Doc. No. 15, Ex. F).

Defendant argues it never accepted Plaintiff's Terms and Conditions. Defendant never signed the Purchase Orders or the Terms and Conditions form. The Purchase Orders provided signature lines and instructed Defendant to:

> PLEASE SIGN, DATE & PRINT YOUR NAME & TITLE AS ACCEPTANCE OF PURCHASE ORDER AND TERMS AND CONDITIONS, THEN RETURN TO BUYER NOTED ABOVE.

(Doc. No. 15, Ex. F).

Similarly, lines at the end of the Terms and Conditions call for signature from a representative of Defendant as evidence of acceptance. Defendant signed neither document. Plaintiff counters that Defendant accepted the Terms and Conditions by continuing to perform and fulfill the Purchase Orders.

The Court finds that the Terms and Conditions were not part of the contract between the parties. Plaintiff requested Defendant accept the Purchase Orders and Terms and Conditions by returning signed copies. Defendant did not sign, and therefore did not manifest its assent. Silence is not acceptance. *Univ. Hosps. of Cleveland, Inc. v. Lynch*, 96 Ohio St. 3d 118, 130 (2002) (*citing* Corbin on Contracts, §§ 3.18 & 3.28 (1993 rev. ed.)).

Defendant's continued performance, operating in the same manner as it had prior to the proposed Terms and Conditions, does not constitute acceptance here. Both the Purchase Orders and the Terms and Conditions make clear that these were not unilateral offers. Plaintiff requested some sort of acknowledgment of Defendant's acceptance in return. Section 2-206 of the Uniform Commercial Code, as adopted in R.C. § 1302.09, states:

> (A) Unless otherwise unambiguously indicated by the language or circumstances:
>
> (1) an offer to make a contract shall be construed as inviting acceptance in any manner and by any medium reasonable in the circumstances;
>
> (2) an order or other offer to buy goods for prompt or current shipment shall be construed as inviting acceptance either by a prompt promise to ship or by the prompt or current shipment of conforming or non-conforming goods, but such a shipment of non-conforming goods does not constitute an acceptance if the seller seasonably notifies the buyer that the shipment is offered only as an accommodation to the buyer.

Here, implying acceptance of the Terms and Conditions by virtue of Defendant's continued performance is not "reasonable in the circumstances." Plaintiff correctly notes that conduct and performance can serve as modes of acceptance. *See American Bronze Corp. v. Streamway Prods.*, 8 Ohio App. 3d 223, 227 (1982). However, here, Plaintiff's own conduct (in the form of its request for signatures as evidence of acceptance) precludes such a conclusion. Furthermore, the Terms and Conditions were not sent to Defendant until two months after production started on the Purchase Orders, further evincing that Plaintiff did not expect Defendant to accept by continuing to perform. The die had already been cast by both past performance and the plain language of the contract documents.

Because the Court finds that the forum selection clause in the Terms and Conditions was not part of the contract between the parties, it must find that it lacks personal jurisdiction over Defendant. Therefore, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is granted. (Plaintiff's

3

counsel at the hearing expressed a preference for dismissal in lieu of transfer.) Defendant's alternative requests to Dismiss for Improper Venue or to Transfer are denied as moot.

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

                                                  June 4, 2009